ANGELA VIDAL, ESQ., #035591997
201 Strykers Road
Suite 19-155
Phillipsburg, New Jersey 08865
(908)884-1841 telephone
(908)213-9272 facsimile
Attorney for Plaintiff, Kinekt Design, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KINEKT DESIGN, LLC, : | CIVIL CASE NO. |
| : | |
| : | VERIFIED COMPLAINT |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| JAMES FERUGHELI, : | |
| : | |
| Defendant. : | |

## COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT

Plaintiff, Kinekt Design, LLC, a New Jersey limited liability corporation, by and through its attorney, by way of Verified Complaint against the Defendant, James Ferugheli, says as follows:

## JURISDICTION AND VENUE

1.     This is an action for patent and trademark infringement, injunctive relief and damages pursuant to 15 U.S.C. §1114, 15 U.S.C. §1125 and 35 U.S.C. §271, et seq. Subject matter jurisdiction is therefore conferred upon this

1

Court pursuant to the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1338.

2.   This Court has personal jurisdiction over the Defendant because Defendant is a resident of this judicial district, Defendant directs his business activities towards, and conducts business with, consumers within this judicial district and the products that are the subject of this action were, and continue to be, sold to consumers in the State of New Jersey.

3.   Venue is proper in this judicial district under 28 U.S.C. §1391, as Defendant resides in this judicial district, a substantial part of the events giving rise to the claims occurred in this district, Defendant has sold, and continues to sell, products that infringe upon Plaintiff's patent and trademark within this district, Defendant conducts infringing activities and causes harm within this district and the property that is the subject of this action, the patent and the trademark, are situated in this district.

## THE PATENT AND TRADEMARK

4.   On August 28, 2012, the United States Patent and Trademark Office duly and legally issued United States Design Patent No. D666,116S (hereinafter referred to as the "Patent") to Rachel Liberman, Julie Liberman and Lucas Taylor for the design of an ornamental gear necklace (hereinafter referred to as the "Gear Necklace®").  The inventors assigned all right,

2

title and interest in and to the Patent to Plaintiff, Kinekt Design, LLC. The Design Patent is attached hereto as **"Exhibit A."**

5.     Plaintiff has placed a notice of said Patent on marketing and other informational material related to the Gear Necklace®.

6.     Plaintiff's utility patent for the Gear Necklace® was published on July 31, 2014, and Plaintiff is simply awaiting final registration from the United States Patent and Trademark Office. Plaintiff also holds patents for the Gear Necklace® from several other countries as well.

7.     On November 20, 2012, the United States Patent and Trademark Office duly and legally issued trademark Registration Number 4246139 to Kinekt Design, LLC for the Gear Necklace® (hereinafter referred to as the "Trademark"). The Trademark is attached hereto as **"Exhibit B."**

8.     Plaintiff has also applied for a second registered copyright for all the content which has been added to Kinektdesign.com since the granting of its initial copyright, which includes images of the Gear Necklace®.

9.     Plaintiff has therefore followed each and every legal avenue available to it to protect its intellectual property rights in the Gear Necklace®.

## THE PARTIES

10.   Plaintiff, Kinekt Design, LLC (hereinafter referred to as "Kinekt" or the "Plaintiff") is a limited liability company of the State of New Jersey with its principal place of business located at 184 South Livingston Avenue, Suite 9-239, Livingston, New Jersey 07039.

11.   Defendant, James Ferugheli, is an individual residing at 31 Carson Road, Budd Lake, New Jersey 07828, that has been purchasing counterfeit "gear necklace" products from China through the website known as Alibaba.com and then advertising, marketing, offering for sale, selling and distributing these counterfeit products in the United States and in this judicial district, in violation of Kinekt's Patent and Trademark.

## FACTS COMMON TO ALL COUNTS

12.   Plaintiff has expended a significant amount of time, money and other resources to develop, produce, advertise and otherwise promote the Gear Necklace® and has taken any and all steps necessary to protect its rights and interests in and to the Gear Necklace®, both in this country and internationally. Plaintiff has extensively marketed and promoted the Gear Necklace®, and each and every Gear Necklace® product, as well as all promotional materials, advise of the fact that the Gear Necklace is protected by the Patent and Trademark, and

4

Plaintiff's website clearly indicates that all images are protected by copyright.

13.   Plaintiff is a small, start-up company which has grown its business based on its ingenuity in inventing the patented Gear Ring® and now, the Gear Necklace®, as well as its expenditure of significant resources to protect its invention. Thus far, however, Plaintiff has failed to reach its full business profit potential because of constant unlawful copying of Plaintiff's designs, manufacturing of counterfeit products which duplicate Plaintiff's patented designs, and sales of counterfeit products.

14.   Plaintiff has been using the Gear Necklace® mark in interstate commerce to identify and distinguish Plaintiff's product and the mark has never been assigned or licensed to any third party. Plaintiff prides itself on its use of high quality materials and attention to detail in the manufacture of the Gear Necklace®, and because of its uniqueness and the superior quality of the materials used to construct the Gear Necklace®, Plaintiff sells the Gear Necklace® at a price of One Hundred Eighty-Five Dollars ($185.00) per necklace.

15.   Unfortunately, other individuals and entities have discovered what a unique and interesting product the Gear Necklace® is and how much of a demand there is for the product

and have decided to capitalize on Plaintiff's efforts in inventing and developing the Gear Necklace®.

16.    In particular, there are several factories in China that have found a way to duplicate Plaintiff's patented Gear Necklace®, using inferior materials and shoddy construction. These factories sell these counterfeit "gear necklace" products on the Internet, oftentimes in batches, for a fraction of the cost of a genuine Gear Necklace®.  The majority of these sales take place through the websites known as Aliexpress.com and/or Alibaba.com, which are online marketplace or e-commerce sites catering to predominantly Chinese manufacturers.

17.    Third parties, in this case, the Chinese factories, post and advertise their products on Aliexpress or Alibaba, and the sales are processed by the operators of Aliexpress or Alibaba and/or their payment processor, known as Alipay.  The orders are then fulfilled and the products delivered by the third parties advertising the products.

18.    Purchasers of these counterfeit "gear necklace" products, which were manufactured by the Chinese factories and advertised on, and purchased from, Aliexpress and Alibaba, then re-sell the counterfeit products on United States-based online marketplace or e-commerce sites, such as eBay, Google, Shapeways, Craig's List, Amazon, etc., for much less than the

price of a genuine Gear Necklace®. This is what Defendant has done in this case.

19. Because of the prevalence of infringement of Plaintiff's product and the resultant damage being suffered by Plaintiff, Plaintiff is vigilant in searching for unlawful copying of its product design and sales of these counterfeit products. Plaintiff's first line of defense in each instance is to contact the website where the advertisements of these counterfeit products are located, prove it is the lawful and rightful owner of the Patent and Trademark and request removal of the advertisements offering the infringing products for sale. With each such request, Plaintiff submits proof of its Patent and/or Trademark, as applicable, and the website typically investigates the matter.

20. Often times, however, the website will not remove an advertisement without a Court Order or other document mandating removal. It is then up to the individual posting the advertisement whether to remove it or not.

21. Other times, the website refuses to take any action with respect to Plaintiff's complaints and the infringer agrees to remove the advertisement, but instead of removing it, the infringer will simply move the advertisement to a different website or different URL on the same website.

22.   This generally leaves Plaintiff at the mercy of the individuals and/or entities actually committing the infringement.

23.   In mid-November 2014, Plaintiff discovered that a user known as "ferugus" was advertising a "Gear Necklace" on the website known as eBay.com.   The necklace being offered for sale was an exact duplicate of Plaintiff's patented Gear Necklace® and was using the trademarked "Gear Necklace" name.  A copy of the screen print of this advertisement is attached hereto as **"Exhibit C."**

24.   The advertisement was attempting to pass the product off as a genuine Gear Necklace®, but was selling the item for only Forty Dollars ($40.00).   In addition, the advertisement directed viewers to see the users other listings on the website known as Shapeways.com.

25.   In order to determine whether "ferugus" was simply re-selling a genuine Gear Necklace® or whether the product was a counterfeit, Plaintiff ordered a "gear necklace" from "ferugus" through eBay.com.

26.   At the same time, Plaintiff also looked on the Shapeways.com website to determine what other products, if any, "ferugus" had listed there and/or what other information Plaintiff could glean.

27.   The same "gear necklace" was also listed for sale in an advertisement by "jferughelinj" on the Shapeways.com website. That advertisement explained that the "gear necklace" was a "new design from China", and requested that viewers message "James" for information.

28.   Since the Shapeways.com advertisement acknowledged that "ferugus"/"jferughelinj" was obtaining the "gear necklace" from China, it was clearly a counterfeit since Plaintiff does not manufacture its products in China, nor has it authorized any third parties to manufacture its products.  Plaintiff therefore sent a message to "ferugus"/"jferughelinj" in an effort to obtain more information.

29.   In response to Plaintiff's message, Plaintiff received an e-mail from Defendant James Ferugheli indicating that he had purchased the necklaces from China through the website known as Alibaba.com and that he had more available for sale.

30.   Shortly thereafter, Plaintiff received the "gear necklace" it had purchased from "ferugus" on eBay.com and the package indicated it was sent from Defendant James Ferugheli.

31.   "Ferugus" and "jferughelinj" are the names used by Defendant James Ferugheli on eBay.com and Shapeways.com, respectively.

32.   Defendant James Ferugheli admitted to purchasing counterfeit "gear necklace" products from China through

9

Alibaba.com and is re-selling them on various websites including, but not limited to, eBay.com and Shapeways.com, in the United States and in this judicial district.

33.    Defendant James Ferugheli has therefore been infringing, and is continuing to infringe, upon Plaintiff's Patent by purchasing counterfeit "gear necklace" products from China through Alibaba.com, and then marketing, advertising, offering for sale, selling and distributing these counterfeit products through various shopping or online marketplace websites to customers in the United States.   These counterfeit products are exact duplicates of Plaintiff's patented Gear Necklace®, and are being advertised, marketed, sold and distributed without Plaintiff's authorization or consent.

34.    Defendant has also been infringing upon Plaintiff's Trademark by selling, offering for sale, distributing, marketing and/or advertising "gear necklace" products using the registered "Gear Necklace®" name.

35.    Defendant has engaged in these infringing activities willfully, intentionally and with knowledge of the existence of Plaintiff's Patent and Trademark and the fact that he was committing illegal acts.

36.    Defendant's infringement of the Patent is in violation of 35 U.S.C. §271, is willful and deliberate, and upon information and belief, Defendant will continue to infringe on

said Patent and continue to cause Plaintiff immediate, continuing and irreparable harm unless permanently enjoined by this Court.

37. Defendant's infringement of the Trademark is in violation of 15 U.S.C. §1114, is willful and deliberate, and upon information and belief, Defendant will continue to infringe on said Trademark and continue to cause Plaintiff immediate, continuing and irreparable harm unless permanently enjoined by this Court.

38. Plaintiff has suffered injury and damages that have been directly and proximately caused by Defendant's wrongful sale, offer of sale, distribution, marketing and advertisement of goods that infringe upon Plaintiff's Patent and Trademark.

39. Plaintiff has no adequate remedy at law.

40. Plaintiff has retained undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

### COUNT I

### Patent Infringement

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 above and incorporates them as if fully set forth at length herein.

42. Defendant has marketed, advertised, used, offered to sell and sold Plaintiff's patented invention within the United

States during the term of the Patent without Plaintiff's authority or consent in violation of 35 U.S.C. §271.

43.     Defendant continues to infringe upon Plaintiff's Patent by purchasing counterfeit "gear necklaces" from China, through the Alibaba.com website, which are exact duplicates of Plaintiff's patented invention, and then marketing, advertising, using, offering for sale and selling these counterfeit products in the United States and in this judicial district, while attempting to pass them off as genuine Gear Necklace® products.

44.     Defendant's violation of Plaintiff's Patent, despite notice of the Patent, is willful and intentional.

45.     Plaintiff has suffered, and will continue to suffer, irreparable injury due to Defendant's infringement of Plaintiff's Patent if the Defendant is not preliminarily and permanently enjoined from such conduct.

## COUNT II

### Trademark Infringement

46.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 above and incorporates them as if fully set forth at length herein.

47.     Plaintiff's Trademark is a federally registered mark.

48.     Defendant has used the name Gear Necklace® to designate his product in connection with the sale, offer for

sale, distribution, marketing and advertising of counterfeit goods for his own financial gain.

49. Plaintiff has not authorized Defendant's use of Plaintiff's Trademark.

50. Defendant's unauthorized use of Plaintiff's Trademark in connection with the sale, offer for sale, distribution, marketing and advertising of counterfeit goods constitutes Defendant's use of Plaintiff's registered trademark in commerce.

51. Defendant's unauthorized use of Plaintiff's Trademark is likely to cause and actually is causing confusion, mistake and deception among consumers and/or is causing consumers to believe that Defendant's counterfeit goods originate from Plaintiff or that Plaintiff has authorized, approved or otherwise associated itself with Defendant's counterfeit goods that bear Plaintiff's Trademarks.

52. Defendant's unauthorized use of Plaintiff's Trademark has resulted in Defendant unfairly, illegally and improperly benefitting from Plaintiff's name and goodwill.

53. Defendant has therefore infringed Plaintiff's Trademark in violation of 15 U.S.C. §1114.

54. Defendant's violation of Plaintiff's Trademark, despite notice of the Trademark, is willful and intentional and therefore, this constitutes and exceptional case.

55.   Plaintiff has suffered, and will continue to suffer, irreparable injury due to Defendant's infringement of Plaintiff's Trademark if Defendant is not preliminarily and permanently enjoined from such conduct.

## COUNT III

## False Designation of Origin

56.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 above and incorporates them as if fully set forth at length herein.

57.   Defendant's unauthorized use in interstate commerce of Plaintiff's Trademark constitutes infringement, as well as the use of false descriptions and representations and false designation of origin in violation of 15 U.S.C. §1125(a).

58.   Defendant's use in commerce of such false designations of origin and false or misleading descriptions and representations is likely to cause confusion in consumers as to the connection of Defendant with Plaintiff and the origin of Defendant's goods.

59.   Defendant's sale of infringing and counterfeit goods, despite notice of the Trademark, is willful and intentional.

60.   Plaintiff has suffered, and will continue to suffer, irreparable injury due to the Defendant's false designation of origin and his false descriptions and representations if

Defendant is not preliminarily and permanently enjoined from such conduct.

## COUNT IV

### Deceptive Trade Practices

61.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 above and incorporates them as if fully set forth at length herein.

62.   Defendant's use of the "Gear Necklace®" name in connection with the sale, offer for sale, distribution, marketing and advertising of his infringing and counterfeit products is fraudulent, misleading and deceptive, and made with the intention that consumers rely on such misrepresentation and believe that the product being offered for sale is a true "Gear Necklace®" product.

63.   Defendant's use of the "Gear Necklace®" name, as well as his misappropriation of the images from Plaintiff's copyrighted website, in connection with the sale, offer for sale, distribution, marketing and advertising of his infringing and counterfeit product constitutes fraud in connection with the sale or advertisement of goods in violation of N.J.S.A. 56:8-2.

64.   Plaintiff has suffered, and will continue to suffer, irreparable injury due to the Defendant's deceptive trade practices if Defendant is not preliminarily and permanently enjoined from such conduct.

## COUNT V

### Unfair Competition

65.    Plaintiff  repeats  and  realleges  the  allegations contained in paragraphs 1 through 64 above and incorporates them as if fully set forth at length herein.

66.    Defendant has engaged in fraudulent, misleading and unlawful conduct in attempting to pass off his counterfeit gear ring products as Plaintiff's products.

67.    Defendant has committed these acts willfully and with conscious disregard of Plaintiff's rights.

68.    Defendant has therefore engaged in unfair competition in violation of the common law of the State of New Jersey.

69.    Plaintiff has suffered, and will continue to suffer, irreparable injury due to the Defendant's unfair competition if Defendant is not preliminarily and permanently enjoined from such conduct.

## COUNT VI

### Interference With Prospective Economic Advantage

70.    Plaintiff  repeats  and  realleges  the  allegations contained in paragraphs 1 through 70 above and incorporates them as if fully set forth at length herein.

71.    Plaintiff has expended a significant amount of time, money  and  other  resources  in  developing,  patenting, trademarking, copyrighting, advertising and marketing the Gear

Necklace® and expects to gain a significant economic advantage from its efforts.

72.  Defendant has interfered with this economic advantage by selling, offering to sell, distributing, marketing and advertising counterfeit gear necklace products that he has purchased from China through Alibaba.com.

73.  Defendant's sale and advertising of counterfeit gear ring products and his interference with Plaintiff's prospective economic advantage has been done without justification or excuse.

74.  Defendant has purchased these counterfeit "gear necklace" products from a factory in China through Alibaba.com for a fraction of the cost of an actual Gear Necklace® and is re-selling these counterfeit products to consumers in the United States for less than one quarter of the price of a genuine Gear Necklace®.

75.  If Defendant was not selling counterfeit gear necklace products, all consumers wishing to purchase a Gear Necklace® would do so from Plaintiff, the rightful and true owner of the Gear Necklace® Patent and Trademark, and Plaintiff would thereby gain all these customers and an economic advantage.

76.  Plaintiff has suffered, and will continue to suffer, irreparable injury due to the Defendant's interference with

Plaintiff's prospective economic advantage if Defendant is not preliminarily and permanently enjoined from such conduct.

## COUNT VII

## Unjust Enrichment

77.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 76 above and incorporates them as if fully set forth at length herein.

78.   Defendant profits from the sale, offer for sale, distribution, marketing and advertising of counterfeit gear necklace products that are exact duplicates of Plaintiff's patented Gear Necklace®.

79.   Defendant therefore receives a benefit from the duplication and sale of Plaintiff's patented product, use of the trademarked "Gear Necklace®" name and misappropriation of Plaintiff's copyrighted images.

80.   Defendant has been unjustly enriched by his sale of counterfeit products, use of the Gear Necklace® name and use of Plaintiff's images, all to the detriment of Plaintiff.

81.   It would be unjust for Defendant to retain this benefit and Defendant should not be permitted to reap the benefits of this wrongful conduct.

82.   As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer unquantifiable damages.

## PRAYER FOR RELIEF ON ALL COUNTS

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

a. Adjudging the Plaintiff's Patent and Trademark to be valid and enforceable;

b. Adjudging that the Defendant has infringed Plaintiff's Patent and Trademark and engaged in the other wrongful conduct set forth above;

c. Adjudging that Defendant's conduct was willful and intentional;

d. Ordering that Defendant, and all persons or entities acting in privity, concert or participation with Defendant, either directly or indirectly, be permanently enjoined from infringing, contributing to the infringement of, and/or inducing the infringement of the Patent and Trademark, and specifically from directly or indirectly manufacturing, making, using, marketing, distributing, selling or offering for sale any product embodying the design of the Patent during the life of the Patent, regardless of the name being used for such product, without the express written authority of the Plaintiff and from using the name "Gear Necklace," or any similar name, or any of Plaintiff's copyrighted images, in connection with the manufacture, sale, offer for sale, marketing and/or advertising of any product;

e. Ordering that Defendant, and all persons or entities acting in privity, concert or participation with Defendant, either directly or indirectly, be required to immediately remove all uses of, references to, depictions of, offers for sale and advertising of the Gear Necklace® product, regardless of the name by which it is called, and all uses of the Gear Necklace® name from any and all websites and/or URLs where such may appear including, but not limited to, Alibaba.com, Aliexpress.com, eBay.com, Shapeways.com and any other website where such may appear;

f. Ordering that any Internet service providers, merchant account providers, online marketplace and shopping search engines and websites, as well as third-party processors and search engines, including, but not limited to, Alibaba.com, Aliexpress.com, eBay.com, Shapeways.com and any other website, must, upon request of Plaintiff, immediately remove any and all listings by Defendant and/or links to his listings where counterfeit "gear necklace" products and/or use of the Gear Necklace® name are being used, offered for sale, marketed and/or advertised and that all such listings be de-indexed so that they no longer appear on any search and/or search results page; and that all such Internet service providers, merchant account providers, online marketplace and shopping search engines and websites, as well as third-party processors and search engines,

must, upon request of Plaintiff, immediately remove any and all listings by future infringers and/or links to their listings where counterfeit "gear necklace" products and/or use of the Gear Necklace® name are being made, used, offered for sale, marketed and/or advertised, upon proof by Plaintiff that the future infringer is using, offering for sale, marketing and/or advertising a product that is an exact duplicate of Plaintiff's Gear Necklace® and/or using the Gear Necklace® name;

g. Ordering that Defendant provide an accounting of all profits derived from his patent and trademark infringement and sales of gear necklace jewelry, and that Defendant pay such profits to Plaintiff, along with actual damages suffered by Plaintiff, trebled;

h. Alternatively, that Plaintiff be awarded damages in the amount of Fifty Thousand Dollars ($50,000.00);

i. Ordering that any third party providing payment and related services for Defendant's sale of infringing "gear necklace" products, including merchant account providers, credit card companies, payment providers and/or third party payment processors providing such services for eBay.com, Shapeways.com and Alibaba.com, such as Paypal, Alipay, Visa, Mastercard, Apple Pay, Square, Amazon Payments, moneybookers, Maestro, Solo, Carte Bleue, CartaSi and PostePay, immediately cease rendering such services for purchase or sales of gear necklace products;

j. Ordering that Defendant pay Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1117(a);

k. Adjudging that this case be deemed exceptional;

l. Adjudging that Defendant be ordered to deliver to Plaintiff, for destruction at Plaintiff's option, all products that infringe the Patent; and,

m. Such other relief as the court deems just and proper.

Dated:  December 11, 2014            ANGELA VIDAL, ESQ.
                                     Attorney for Plaintiff,
                                     Kinekt Design, LLC


                                      /s Angela Vidal
                                     By:  Angela Vidal, Esq.
                                     #035591997
                                     201 Strykers Road
                                     Suite 19-155
                                     Phillipsburg, New Jersey
                                     08865
                                     Telephone (908)884-1841
                                     Facsimile (908)213-9272

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined in this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  December 11, 2014         ANGELA VIDAL, ESQ.
                                  Attorney for Plaintiff,
                                  Kinekt Design, LLC


                                  /s Angela Vidal
                                  By:  Angela Vidal, Esq.


## LOCAL CIVIL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that declaratory and injunctive relief is sought.


Dated:  December 11, 2014         ANGELA VIDAL, ESQ.
                                  Attorney for Plaintiff,
                                  Kinekt Design, LLC


                                  /s Angela Vidal
                                  By:  Angela Vidal, Esq.

## VERIFICATION

1. I, Glen Liberman, of full age, hereby verify and state that I am the sole member of Plaintiff, Kinekt Design, LLC.

2. I have full knowledge of all the facts and circumstances regarding this matter.

3. I have read the foregoing Verified Complaint and verify that the contents thereof are true based on my own personal knowledge, except as to any matters stated upon information and belief, and as to those matters, I believe them to be true based on the information available to me.

4. I hereby verify under penalty of perjury that the foregoing statements made by me are true and correct and I am aware that if any of the foregoing statements made by me are found to be willfully false, I am subject to punishment.

Glen Liberman

Sworn and subscribed
before me on this
16th day of December, 2014

My commission expires: 01-20-2017

OFFICIAL SEAL
BRUNO NARANJO
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires 01-20-2017

24

**EXHIBIT A**

US00D666116S

(12) **United States Design Patent**
Liberman et al.

(10) Patent No.: **US D666,116 S**
(45) Date of Patent: ** Aug. 28, 2012

(54) **GEAR HEART NECKLACE**

(75) Inventors: **Rachel Liberman**, Short Hills, NJ (US);
**Julie Liberman**, Short Hills, NJ (US);
**Lucas Taylor**, Easton, PA (US)

(73) Assignee: **Kinekt Design, LLC**, Livingston, NJ
(US)

(**) Term: **14 Years**

(21) Appl. No.: **29/420,763**

(22) Filed: **May 11, 2012**

(51) LOC (9) Cl. ........................................ **11-01**
(52) U.S. Cl. ........................... **D11/7; D11/56**
(58) **Field of Classification Search** ........... D11/1, 25,
D11/26, 40–44, 56, 79–86, 63/1.11, 3.1,
63/3.2, 12, 13, 15, 35.1, 15.4, 15.45, 15.5,
63/15.6, 18, 19
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D177,106 S * | 3 1956 | Katz ............... | D11 69 |
| D246,644 S * | 9 1975 | Stowe ............. | D11 83 |
| D261,742 S * | 11 1981 | McTighe et al ..... | D11 56 |
| D346,827 S * | 5 1994 | Wolff .............. | D28 32 |
| 6,532,766 B1 | 3 2003 | Chin et al | |
| D542,166 S * | 5 2007 | Ayt-Popowski ...... | D10 106.1 |
| D553,539 S * | 10 2007 | Arasheben et al .... | D11 83 |
| D572,154 S * | 7 2008 | Daas .............. | D10 68 |
| 7,393,113 B2 | 7 2008 | Damrau | |
| 7,950,117 B2 | 5 2011 | Hluu | |
| D639,199 S * | 6 2011 | Liberman et al ...... | D11 26 |
| D657,282 S * | 4 2012 | dos Santos Villar Filho | D11 56 |

OTHER PUBLICATIONS

http: www.examiner.com images blog EXID432 images.
Steampunk GEAR HEART Pendant1264 jpg.*
http: www.xylocopa.com files productimages IMG 0302-4 jpg.*
http: www.stanislausimports.com upfile proimage S11 131 jpg.*
http: www.etsy.com listing 39859657 tick-tocks-clockwork-heart-necklace?ref sr gallery 19&ga search query steampunks+necklace&ga search type handmade&ga page 5&includes%5B0%5D 5D tags&includes%5B1%5D title *

* cited by examiner

Primary Examiner — Cathron Brooks
Assistant Examiner — Melanie Pellegrini
(74) Attorney, Agent, or Firm — Spriegel & Associates, LLC

(57) **CLAIM**

The ornamental design for a gear heart necklace, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a gear heart necklace showing our new design;

FIG. 2 is a front view of the gear heart necklace shown in FIG. 1;

FIG. 3 is a rear view of the gear heart necklace shown in FIG. 1;

FIG. 4 is a right side view of the gear heart necklace shown in FIG. 1;

FIG. 5 is a left side view of the gear heart necklace shown in FIG. 1;

FIG. 6 is a top view of the gear heart necklace assembly shown in FIG. 1; and.

FIG. 7 is a bottom view of the gear heart necklace shown in FIG. 1.

**1 Claim, 7 Drawing Sheets**



# EXHIBIT B



tmsearch.uspto.gov/bin/showfield?f=doc&state=4504:p00ot2.2.1

↑

ⓒ 2 ⊗ ▾ Google

ISDR | ASSIGN Status | TTAB Status | ( Use the "Back" button of the Internet Browser to return to TESS)

## Record 1 out of 1

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

# GEAR NECKLACE

| | |
|---|---|
| **Word Mark** | GEAR NECKLACE |
| **Goods and Services** | IC 014. US 002 027 028 050  G & S: Jewelry; Necklaces. FIRST USE: 20120619. FIRST USE IN COMMERCE: 20120619 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85662557 |
| **Filing Date** | June 27, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 4, 2012 |
| **Registration Number** | 4246139 |
| **International Registration Number** | 1135663 |
| **Registration Date** | November 20, 2012 |
| **Owner** | (REGISTRANT) Kinekt Design, LLC LIMITED LIABILITY COMPANY OHIO Suite 9-239 184 S. Livingston Ave. Livingston NEW JERSEY 07039 |
| **Attorney of Record** | Matthew H. Swyers, Esq |
| **Prior Registrations** | 4157820 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NECKLACE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

# **EXHIBIT C**



www.ebay.com/itm/necklace-r/151348554159?

## Item specifics

| | | | |
|---|---|---|---|
| Condition: | New without tags: A brand-new, unused, and unworn item (including handmade items) that is not in original packaging or ... Read more | | |
| Main Stone | No Stone | Style | Ball Chain with Pendant |
| Country/Region of Manufacture | China | Metal | Stainless Steel |

-ball chain with pendant to make a necklace
-box is not included
-gear necklace
-chain length can be cut to different lengths ask for james when you send message
-if you are interested in other materials, see my other listing on shapeways.com

## Questions and answers about this item

No questions or answers have been posted about this item.

Ask a question